SO ORDERED.

SIGNED this 16th day of December, 2011.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

For on-line use but not for print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**BROOKE CORPORATION, et. al.,**<br><br>Debtors. | CASE NO. 08-22786<br>(jointly administered)<br>CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>**BRAD NOLL AND ASSOCIATES, INC.,** et al.,<br><br>Defendants. | ADV. NO. 10-6164 |

**MEMORANDUM OPINION AND ORDER**

## DENYING DEFENDANT JANET POOSER'S
## MOTION TO DISMISS

In this adversary proceeding, the Chapter 7 Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (hereafter collectively "Debtors")[1] seeks to recover from defendants (insurance agencies and agents who were franchisees of Brooke) agent statement balances and other related obligations allegedly owed by the agents to the bankruptcy estates. One of the defendants, Janet Pooser (hereafter "Defendant")[2], moves to dismiss all claims for lack of subject matter jurisdiction, and Count IV (constructive fraudulent conveyance) because of expiration of the statute of limitations.[3] The Trustee opposes the Motion.

**THE CLAIMS ASSERTED IN THE COMPLAINT.**

The claims for recovery against Defendant are based upon Brooke's business practices with its insurance franchisees. The Trustee alleges that Brooke controlled most of the cash flows for its franchise agencies, and its business practice was to pay most of the operating expenses for its agents, including rent and loan payments. Brooke then charged these payments (along with a percentage of ongoing commission revenues and recurring franchise fees) to the agent's monthly statements as offsets to the commission revenues earned. When, as in many cases, the commission revenues were not sufficient

---

[1] The Trustee appears by John J. Cruciani and Michael D. Fielding of Husch Blackwell LLP.

[2] Janet Pooser appears *pro se*.

[3] Dkt. 45.

to cover the costs, Brooke absorbed the costs or advanced funds to the agent to cover them and recorded them in the agent's statement balance account. In this action, the Trustee seeks to recover the agent's statement balance and other similar obligations allegedly owed by Defendant to the bankruptcy estates.

The Complaint alleges five counts to recover these advances: Count I - action on account; Count II - money had and received; Count III - unjust enrichment; Count IV - constructive fraudulent conveyance; and Count V - recovery of avoided transfers. The Complaint also prays in Count VI that defendants' proofs of claim be disallowed until such time as the respective defendants satisfy their obligations to the estates, and in Count VII, to the extent that the defendants have valid claims, that such amounts be set off against the obligations the defendants have under the Complaint.

**ANALYSIS OF DEFENDANT'S ARGUMENTS.**

Defendant seeks dismissal on two bases. First, Defendant argues, "To the extent Plaintiff has combined non-core actions involving Kansas State law, this Court lacks jurisdiction according to the recent U.S. Supreme Court decision of *Stern v. Marshall*, 131 S. Ct. 2594 (2011)."[4] Second, Defendant asserts that "Count IV is barred by the statute of limitations of 11 USC § 546(a) as the action is brought more than two years after the filing of the Petition for Relief." Defendant provides no brief and no arguments in support of her positions. The Trustee opposes the Motion in a very short

---

[4] *Id*. at 2.

Case 10-06164   Doc# 53   Filed 12/16/11   Page 3 of 6

memorandum.[5]

## THE CLAIMS AGAINST DEFENDANT ARE NOT SUBJECT TO DISMISSAL FOR LACK OF JURISDICTION.

*Stern* holds that the jurisdiction over "counterclaims by the estate against persons filing claims against the estate" granted to bankruptcy courts by 28 U.S.C. § 157(b)(2)(C) is unconstitutional when applied to state law counterclaims not resolved in ruling on the creditor's proof of claim.[6] As to such claims, under Article III of the Constitution, bankruptcy courts lack jurisdiction to enter final judgments. The claims asserted by the Trustee are not state law counterclaims, and the Trustee does not rely upon 28 U.S.C. § 157(b)(2)(C) as the basis for jurisdiction. The holding of *Stern* does not apply to this case.

The difficult question of whether the reasoning of *Stern* would apply to any of the claims asserted by the Trustee is one which the Court leaves for another day.[7] Assuming, without deciding, that bankruptcy jurisdiction to enter final judgment on some of the

---

[5] Dkt. 46.

[6] *Stern*, 131 S. Ct. 2594 (2011).

[7] The fallout from *Stern* is far from settled. There are no decisions construing *Stern* by the Tenth Circuit, the Tenth Circuit BAP, or federal courts sitting in Kansas. As argued by the Trustee, in announcing its decision, the Supreme Court expressly used very narrow terms, stating that it found Congress had overstepped its authority only "in one isolated respect." *Stern* at 2620. This has been the basis for some courts to find *Stern* should be interpreted narrowly. *E.g., Mercury Companies, Inc., v. FNF Security Acquisition, Inc.*, __ F. Supp.2d __, 2011 WL 5127613 *4 (D. Colo. 2011). On the other hand, other courts have found wide implications. *E.g, Meoli v. Huntington Nat'l Bank (In re Teleservices Group, Inc.)*, 456 B.R. 318, 321-45 (Bankr. W.D. Mich. 2011). Since Defendant is *pro se* and case law construing *Stern* is in its infancy, this case provides an imperfect situation for exploration of the implications of *Stern*.

4

Trustee's claims is lacking, the result would not be dismissal. This Court would retain authority to hear the claims and make recommendations to the district court, for review and subsequent judgment. Whether that procedure will be required in this case can await later decision.

**COUNT IV OF THE COMPLAINT WAS TIMELY FILED.**

Defendant argues that Count IV, constructive fraudulent conveyance based upon 11 U.S.C. § 548(a)(1)(B) and K.S.A. 33-204(a)(2)[8] and 33-205(a), is barred by the statute of limitations of 11 U.S.C. § 546(a). It provides that an action under § 548 may not be commenced after the earlier of : (1) The later of two years after the order for relief or one year after the first appointment of a trustee, if such appointment occurs within two years of the date of filing; or (2) the time the case is closed or dismissed. Brooke Corporation and Brooke Capital Corporation filed for relief on October 28, 2008. Brooke Investments, Inc., filed for relief on November 3, 2008. The cases were administratively consolidated, and one trustee was appointed with respect to the consolidated proceedings. The Trustee filed the Complaint on October 25, 2010, within two years of the date of filing of the earlier cases. The claim under § 548 was timely filed.

In addition to § 548, Count IV also relies upon state law, as authorized by § 544. For a claim under the Kansas Uniform Fraudulent Conveyance Act brought pursuant to § 544(b), the state statue of limitations applies to determine whether the trustee had a

---

[8] The Complaint actually cites "33-204(2)," which does not exist, but the Trustee clearly intended to cite 33-204(a)(2).

5

viable cause of action on the date of filing.[9] If the claim was viable on that date, then § 546, discussed above, controls whether the action is timely filed.[10]

The limitations period applicable under the Kansas Uniform Fraudulent Conveyance Act is four years.[11] All such claims accruing after October 28, 2004, therefore existed on the date of filing. The Trustee brought such claims within the two-year period of § 546(a)(1)(A).

Count IV is not subject to dismissal for expiration of the statute of limitations.

**CONCLUSION.**

For the foregoing reasons, Defendant Janet Pooser's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

# # #

---

[9] *Bloom v. Fry (In re Leach)*, 380 B.R. 25, 29 (Bankr. D.N.M. 2007).

[10] *Id.* at 29-30.

[11] K.S.A. 33-209(b).

6